HERMIDA, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Dominion Title.

No. 551.—Decided November 16, 1922.

RECORD OF TITLE—DOMINION TITLE—SUMMONING FORMER OWNERS.—In this case the registrar refused to record a dominion title judgment, because in the preliminary proceedings all of the former owners on whose time of posses-

sion the petitioner relied for establishing his dominion title were not summoned. *Held:* That the person who should be summoned is the immediate predecessor in interest from whom the appellant acquired the property and not the remote former owners, this being a proper compliance with the provision of subdivision 2 of article 395 of the Mortgage Law requiring the summoning of "the person from whom the property was acquired."

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

The respondent did not appear.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

On September 5, 1922, the District Court of Mayagüez decreed a dominion title to a certain rural property in favor of appellant Fernando Hermida and the said judgment having been presented in the registry, the registrar refused to record it on the grounds of the following decision:

"Record of the preceding document is denied because it does not appear from the said judgment establishing the dominion title to the property described that in accordance with article 395 of the Mortgage Law all of the former owners mentioned in the said judgment were summoned to wit: Josefina Bracero, Rita López Silva, Miguel López and Clara López Bracero, the predecessors in interest of the petitioner and on whose time of possession he has relied, adding it to his own, in order to establish the dominion title.    *    *    *    "

In view of this denial the appellant took the present appeal and prays for a reversal of the registrar's decision.

In the judgment of the lower court it is stated that the appellant acquired the property involved by purchase from José Vélez, who in turn acquired it by purchase from the several persons mentioned in the registrar's decision.

Article 395 of the Mortgage Law, which determines the procedure to be followed in dominion title proceedings, contains a provision in its subdivision 2 to the effect that the judge shall summon "the person from whom the property was acquired or his predecessor in interest," and adds that "he shall summon the unknown persons who might be prejudiced by the record applied for, by means of notices    *    *    *."

The rules so established seem clear in their terms and their most natural construction is that the person to be summoned is the one from whom the appellant directly acquired the property and' not the remote former owners. This is easily understood,. for a rule providing in general for the summoning of the former owners must have a limit; otherwise the summonses would extend to the original owners and this would lead to an absurdity. The regulations now in force in Spain limit the rule for the summoning of the former owners only to those persons who have held possession of the property during the last ten years, whether this information is supplied by the petitioner's statement or by a certificate of the registrar. Such provision, however, does not exist in our Regulations for the Execution of the Mortgage Law; therefore, we must construe the law according to its own language and leave it to the legislative power to amend the law on that point if it is deemed advisable for the greater formality and security of such proceedings.

It being impossible to summon the former owners *ad infinitum,* the law provides for the summoning by publication of such unknown persons as might be prejudiced by the record, so that they may appear if they desire to assert their rights, that being the reason for his provision.

From the court's judgment it appears that José Vélez, the immediate predecessor from whom the property was purchased, was personally summoned, and that the unknown persons who might be prejudiced by the record were summoned by publication; therefore, the requirements of said article 395 were complied with and the decision should be

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.